

# FOLEY
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW

111 HUNTINGTON AVENUE
BOSTON, MASSACHUSETTS 02199
617.342.4000 TEL
617.342.4001 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
617.226.3205
ehorton@foley.com EMAIL

July 25, 2016

**VIA CASE MANAGEMENT/ELECTRONIC CASE FILES SYSTEM**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Re: *Kutluca and Brown v. PQ New York, Inc., et al.*; Case No. 1:16-cv-03070-VSB

Dear Judge Broderick:

    Pursuant to Rule 3 of the Court's Individual Rules & Practices in Civil Cases, on behalf of my clients PQ 933 Broadway, Inc., PQ New York, Inc., PQ Central Park, Inc., and PQ Operations, Inc. (collectively, "PQ" or "Defendants"), I submit this Letter Motion and respectfully request that the Court stay discovery in the above-referenced matter pending entry of the Court's order on PQ's anticipated Motion to Compel Arbitration and Dismiss Plaintiffs' Class Action Complaint ("Motion to Compel"). Without a stay in place, PQ will be forced to respond to extremely broad and onerous discovery requests related to class and collective action allegations that will never be heard by this Court and will never proceed on class-wide basis.

    On multiple occasions beginning on July 12, 2016, via telephone and email, counsel for Defendants, pursuant to Fed. R. Civ. P. 26(f), have conferred with counsel for the named Plaintiffs Cuneyt Kutluca and Taniqua Brown ("Plaintiffs") concerning the timing of discovery in this matter. Despite these efforts, the parties have been unable to reach agreement regarding when discovery should commence. For the reasons stated herein, Defendants seek to postpone discovery until and unless the Court denies their Motion to Compel and orders this case to proceed as a representative action in this forum.

    On July 7, 2016, Defendants filed with the Court a letter seeking leave to file their anticipated pre-answer Motion to Compel and providing an abbreviated legal argument in support thereof. (Dkt. No. 37.) As grounds for their Motion to Compel, Defendants will argue that the named Plaintiffs cannot proceed with their putative class and collective action in this Court because they each executed a "Terms and Conditions Agreement" ("TCA") with TriNet Group, Inc. ("TriNet") – PQ's licensed professional employer organization – which includes a "Dispute Resolution Protocol" ("DRP") that (a) requires all disputes arising out of or relating to their employment with PQ/TriNet be submitted to binding arbitration, and (b) waives Plaintiffs' rights to bring or participate in any class or collective action involving either TriNet or PQ. With the Court's permission, PQ appended a copy of the TCA, including the DRP and class action

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4850-5261-6245.1


**FOLEY**
FOLEY & LARDNER LLP

July 25, 2016
Page 2

waiver, which the named Plaintiffs signed, to its letter. On July 15, 2016, Plaintiffs filed a letter response. (Dkt. No. 42.)

As an initial matter, a district court has broad discretion to stay discovery "for good cause." Fed. R. Civ. P. 26(c)(1). It is well-established that the existence of a pending dispositive motion may provide "good cause" for staying discovery. In particular, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In determining whether to stay discovery pending a dispositive motion, courts also consider the breadth of discovery sought, the burden of responding to such discovery, and "the strength of the dispositive motion that is the basis of the discovery stay application." *Id.*

Defendants' anticipated Motion to Compel is completely dispositive. If the Motion to Compel is granted, the Court will be divested of any jurisdiction over this matter, and the case will proceed, if at all, in arbitration pursuant to the terms of the DRP. Furthermore, the matter will not proceed as a class or collective action involving hundreds or thousands of potential class members, but instead will proceed, if at all, in individual arbitration. In short, if the Court grants Defendants' Motion to Compel, almost all discovery Plaintiffs seek would be rendered moot.

A stay of discovery is particularly appropriate where, as here, pending motions to dismiss "appear[] to have substantial grounds" or "do[] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 2015 F.R.D. 433, 434 (S.D.N.Y. 2002). The standard applied is not burdensome to meet. In fact, courts within this District have granted stays of discovery where a defendant has not even yet filed a motion to dismiss. *See, e.g., Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where anticipated motion to dismiss was not "a delay tactic" and had more than a "minimal probability of success"). Here, Defendants have set forth the grounds for their proposed Motion to Compel in abbreviated form in their July 7 letter to the Court. Defendants have also provided the Court with a copy of the DRP that Plaintiffs signed, which mandates that "arbitration will replace going before a …court for a judge or jury trial" and "[t]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective, [or] representative action." (Dkt. No. 35, Ex. A.) The DRP further expressly states that it covers disputes "between you [*i.e.*, the named Plaintiffs] and your worksite employer [*i.e.*, PQ]," and provides that "any TriNet customer interested in enforcing this DRP for its own benefit… retains the right to enforce this DRP and Class Action Waiver under the Federal Arbitration Act and to seek dismissal of class, collective or representative actions." (*Id.*) While the Court must still determine the merits of the Motion to Compel, Defendants have, at a minimum, proffered "substantial grounds" and some "foundation in law" sufficient to warrant a stay of discovery.



**FOLEY & LARDNER LLP**

July 25, 2016
Page 3

The proposed stay of discovery, furthermore, would last only a short time and would not prejudice Plaintiffs. The parties already have filed their pre-motion letters under the Court's Individual Rules and have requested that the Court hold the pre-motion conference concerning Defendants' Motion to Compel on July 29, 2016. Thereafter, Defendants are prepared to timely file and present oral argument on their Motion to Compel. *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *see also Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay; finding no prejudice to plaintiff in waiting for briefing on motion to dismiss to be completed). The preservation of all potentially relevant documents is furthermore ensured by the litigation holds Defendant has put in place. No reason exists at this early stage in the litigation to aggressively proceed with discovery.

Finally, the breadth of discovery Plaintiffs seek and the burden of responding to such discovery necessitate this brief stay. As indicated in the joint letter filed with the Court on July 21, 2016, (Dkt. No. 45), "Plaintiffs' anticipated discovery requests will include, but are not limited to, pay stubs, time cards, handbooks, job descriptions, training materials, performance evaluations, organizational charts and emails sent and received by the named Plaintiffs and to be determined corporate representatives" as well as "a putative class list with the names, addresses, e-mails, phone numbers, and social security numbers of every Server working for PQ during the class period." Discovery regarding an entire putative class of plaintiffs is exceptionally broad, and – more to the point – entirely irrelevant to a matter that is likely bound for arbitration on an individual, rather than representative, basis. *See Spencer Trask*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); *Rivera*, 1997 WL 86394, at *1 (where disposition of motion would limit issues, "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants").

For the foregoing reasons, a brief stay of discovery pending the Court's order on Defendants' anticipated Motion is warranted.

Respectfully submitted,

*Erin C. Horton*

Erin C. Horton

cc: Counsel of Record (*via ECF*)